that date to October 1, 1909, and on the sum of $83,816.05, the taxes paid on December 31, 1907, from December 31, 1907, to October 1, 1909, without costs of this appeal. All concur.

---

NEW YORK LIFE INS. CO. v. HOADLEY et al.   (Nos. 6943, 6944.)

(Supreme Court, Appellate Division, First Department.   March 19, 1915.)

MORTGAGES ⬤524—FORECLOSURE SALE—COMPLETION OF PURCHASE—DUTY.

On foreclosure, property was six times bid in; the purchaser in each instance depositing 10 per cent. of the purchase price. Four of the bids were for defendant. *Held,* that as the mortgagee has received the deposits amounting to 60 per cent. of the debt, and as the last bidder was a person of substance, and as plaintiff had made no attempt to compel consummation of the purchase by previous bidders, it was not entitled to an order requiring the last bidder and the others to complete the purchase, by paying over the remaining 40 per cent. of the mortgage debt, on the theory that the successive bids were made to delay plaintiff, though it was proper to order the last bidder to complete his purchase.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1524; Dec. Dig. ⬤524.]

Appeal from Special Term, New York County.

Action by the New York Life Insurance Company against Fanne Curtis Hoadley. From an order requiring the defendant and Joseph H. Hoadley and others to complete a purchase, they appeal. Order modified.

Argued before CLARKE, LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Ralph P. Buell, of New York City, for appellants.

George W. Hubbell, of New York City, for respondent.

DOWLING, J. These appeals are taken by Fanne Curtis Hoadley, Joseph H. Hoadley, and Ralph P. Buell from orders as resettled January 17, 1914, and February 18, 1914, directing them, together with Alfred H. Hoadley, to complete the purchase of the premises No. 18 East Eighty-Second street, New York City, heretofore sold in foreclosure and bid in by Alfred H. Hoadley, the terms of sale having been signed in his name by his attorney in fact, and 10 per cent. of the amount bid having been paid at the time of such signing. There have been six prior sales of the property in question under the judgment of foreclosure and sale herein, and the successive bidders, after paying the 10 per cent. deposit at the time the terms of sale were signed, failed to complete the purchase, whereupon a resale was each time ordered by

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the court. The plaintiff moved that not only Alfred H. Hoadley, on whose behalf the terms of sale were signed, but also the appellants herein, should be directed to pay the balance of the amount bid, on the theory that the successive bids were part of a scheme to delay the plaintiff in the collection of its debt, and that Fanne Curtis Hoadley, in whose name the property had four times been bid in, and Ralph P. Buell, who as attorney in fact had three times signed the terms of sale for the purchaser, as well as Joseph H. Hoadley, who had directed that these bids be made, should all be held liable for the completion of the purchase.

It does not appear that the plaintiff before this last sale had taken any steps to compel the completion of the purchase by any of the bidders, and some sixty per cent. of the amount of its mortgage debt had been paid in by reason of these various deposits before the last sale occurred. That sum has been directed to be paid over to the plaintiff on account of its debts. It appears that there is such a person as Alfred H. Hoadley, and there is an affidavit that he is a man of property and substance. He has not appealed from the orders in question, and there is nothing to show that he will not comply with the direction of the court that he complete the purchase. He has not repudiated the act of his attorney in fact in bidding in the said property for him, nor in any way disavowed the transaction. If the purchaser should fail to complete his purchase, and the plaintiff sustains any damage by reason thereof, and is able to show that there was a conspiracy to interfere with judicial process and render the various sales ineffective, it has a remedy which is not affected by the denial of its present motion.

The orders appealed from will therefore be modified, by striking out the provisions that the three appellants pay in the amount bid at the last sale, less the deposit, and complete the purchase of said property, and the motion as to them denied, thus leaving Alfred H. Hoadley alone directed to complete the purchase. In view of the course of proceedings of the appellants, however, such modification will be without costs.

Settle orders on notice. All concur.

---

A. C. CHENEY PIANO ACTION CO. v. NEW YORK CENT. & H. R. R. CO.  (No. 9/31.)

(Supreme Court, Appellate Division, Third Department.  March 18, 1915.)

1. COMMERCE ⬯8—INTERSTATE SHIPMENT—STATE LAWS.

In an action against a common carrier for loss of an interstate shipment, the federal statutes and federal decisions control, although state courts have jurisdiction to administer federal law in such actions.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. ⬯8.]

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes